IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER LEE COLE,

     Plaintiff,                    No. CIV S-06-0336 GEB GGH P

    vs.

TOM CAREY, et al.,              ORDER AND

     Defendants.           FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is the motion to dismiss filed May 23, 2007, on behalf of defendants Sahota and Sisto for failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b). Defendants also move to dismiss the claims against defendant Sisto for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

        On August 9, 2007, the court granted plaintiff twenty days to file an opposition. On August 22, 2007, and August 28, 2007, plaintiff filed oppositions to defendants' motion. In the opposition filed August 28, 2007, plaintiff requests that defendant Sisto be dismissed. Pursuant to Fed. R. Civ. P. 41(a), defendant Sisto is dismissed.

        To put defendants' argument that plaintiff failed to exhaust administrative remedies as to his claims against defendant Sahota in context, the court will set forth plaintiff's

1

claims against this defendant.

This action is proceeding on the third amended complaint filed January 17, 2007. Plaintiff alleges that he received inadequate medical care for his ruptured right achilles tendon while housed at California State Prison-Sacramento (CSP-Sac) and California State Prison-Solano (CSP-Solano).

Defendant Sahota is a doctor at CSP-Sac. Plaintiff alleges that defendant Sahota examined him on October 14, 2002, and ordered an x-ray of plaintiff's achilles tendon. Plaintiff alleges that defendant Sahota failed to "aggressively" pass on the results of the x-ray to the resident podiatrist, defendant Dr. Hooks. Plaintiff also claims that defendant Sahota should have ordered an MRI. Plaintiff alleges that defendant Sahota's conduct contributed to plaintiff's failure to receive surgery. Plaintiff alleges that defendant Hooks also failed to adequately treat his achilles tendon. On November 22, 2004, plaintiff was transferred to CSP-Solano.

42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of administrative appeal: 1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement. Id. at 1237-38.

In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures. 121 S. Ct. at 1825. Therefore, inmates seeking money damages must completely exhaust their administrative remedies. 42 U.S.C. § 1997e(a) provides that no action shall be

brought with respect to prison conditions *until* such administrative remedies as are available are exhausted.  McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

In the motion to dismiss, defendants state that plaintiff did not file any third level appeals regarding the claims raised in the third amended complaint against defendant Sahota. See motion to dismiss, declaration of N. Grannis May 18, 2007.

In his oppositions, plaintiff contends that he filed an administrative appeal, no. FSP-04-1692, regarding his medical care at CSP-Sac.  Plaintiff contends that before he could add defendant Sahota's name to this grievance, it was screened out by the CSP-Solano and CSP-Sac appeals coordinators in July 2005.  Plaintiff claims that the appeal coordinators mistakenly screened out the appeal as duplicative.

Attached to plaintiff's August 22, 2007, opposition is a copy of the first level appeal he filed in FSP-04-1692.  In this appeal, dated November 13, 2004, plaintiff requested that he be given surgery for his achilles tendon.  In this appeal, plaintiff claimed that after examining him, Dr. Cardeno told plaintiff that he did not have the authority to recommend surgery, but that he would refer plaintiff to defendant Hooks, the podiatrist.  Plaintiff claimed that he had not yet been seen by defendant Hooks.  Plaintiff also claimed that on November 5, 2004, Dr. McArthur told him that Dr. Cardeno had submitted plaintiff's achilles heel complaint to the MAR Committee, and that the committee had denied plaintiff's request for surgery.  Plaintiff claimed that only defendant Dr. Hooks, the podiastrist, had the authority to recommend that he receive surgery.  Plaintiff claimed that he should be treated by a qualified specialist, i.e. defendant Hooks, and not Dr. Cardeno.  The first level response, dated January 5, 2005, partially grants the appeal.

Also attached to plaintiff's opposition is a handwritten document dated July 5, 2005, stating that plaintiff was resubmitting his appeal to CSP-Folsom's medical staff for an appropriate response at the second level.  Plaintiff is apparently claiming that this attempt to exhaust appeal FSP-04-1692 was mistakenly rejected as duplicative.

3

1         Plaintiff did not attach to his opposition a copy of the form which screened out appeal FSP-04-1692 as duplicative. Considering that plaintiff attached various other documents related to his administrative appeals, his failure to include this document is curious. The court is reluctant to find exhaustion based on misprocessing of an appeal by prison officials based on such a scant record.

        In any event, FSP-1692 did not exhaust the claims against defendant Sahota because the allegations raised in this appeal did not concern plaintiff's claims against this defendant. As discussed above, in the instant action plaintiff alleges that defendant Sahota should have ordered an MRI for his achilles tendon and that he failed to pass on the results of his x-ray to defendant Hooks. FSP-04-1692, while addressing treatment of plaintiff's achilles tendon, focuses on the MAC's rejection of Dr. Cardona's submission of plaintiff's request for surgery. Plaintiff's third amended complaint contains no allegations against defendant Cardona or the rejection of his request for surgery by the MAC committee.

        While plaintiff is not required to identify all of the defendants named in his lawsuit during the administrative grievance process, <u>Jones v. Bock</u>, 549 U.S. \_\_\_, 127 S. Ct. 910 (2007), his administrative appeal must provide sufficient information so as to put prison officials on notice as the facts at issue in his claim. <u>See</u> <u>Porter v. Nussle</u>, 534 U.S. 516, 531, 122 S. Ct. 983 (2002). Appeal no. FSP-04-1692 did not put prison officials on notice that plaintiff was complaining about the medical care provided by defendant Sahota.

        As stated above, in his opposition plaintiff argues that because the appeals coordinators screened out his appeal he did not have an opportunity to add defendant Sahota's name to it. The court is not persuaded by this disingenuous argument. If plaintiff wanted to pursue his claims against defendant Sahota, he could have filed a separate appeal.

        For the reasons discussed above, the court finds that plaintiff failed to exhaust his administrative remedies as to the claims against defendant Sahota.

/////

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to dismiss the claims against defendant Sisto pursuant to Fed. R. Civ. P. 41(a);

IT IS HEREBY RECOMMENDED that defendants' May 23, 2007, motion to dismiss is granted; the claims against defendant Sahota are dismissed for plaintiff's failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   10/30/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

cole336.mtd